Reinhold KULLE, Plaintiff,

v.

The Honorable Olga SPRINGER, Immigration Judge, Defendant.

No. 83 C 1281.

United States District Court, N.D. Illinois, E.D.

June 23, 1983.

Robert A. Korenkiewicz, Chicago, Ill., for plaintiff.

Nancy K. Needles, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Petitioner Reinhold Kulle ("Kulle") seeks a writ of mandamus to force Immigration Judge Olga Springer to allow discovery in his deportation hearing. Pursuant to 8 C.F.R. § 242.16,[1] the Immigration Judge denied Kulle's motion to compel discovery upon the United States.

The United States has moved to dismiss Kulle's complaint; and Kulle's hearing has been stayed until July 19, 1983, pending a resolution before this Court. Since this Court lacks subject matter jurisdiction to consider Kulle's request for relief, the United States' motion to dismiss is granted.

■ 28 U.S.C. § 1361 confers upon a district court jurisdiction of actions to compel an officer of the United States to perform a duty owed to a plaintiff.[2] We believe, however, that this jurisdiction is limited in deportation actions by Section 106(a) of the Immigration and Naturalization Act of 1952, 8 U.S.C. § 1105a(a),[3] which confers exclusive jurisdiction upon the Courts of Appeals to review final orders of deportation made against aliens pursuant to Section 242(b) of the Act, 8 U.S.C. § 1252(b).[4]

---

1. 8 C.F.R. § 242.16 provides:

    (a) *Opening.* The Immigration Judge shall advise the respondent of his right to representation, at no expense to the Government, by counsel of his own choice authorized to practice in the proceedings and require him to state then and there whether he desires representation; advise the respondent of the availability of free legal services programs qualified under Part 292a of this chapter and organizations recognized pursuant to § 292.2 of this chapter, located in the district where the deportation hearing is being held; ascertain that the respondent has received a list of such programs, and a copy of Form I–618, Written Notice of Appeal Rights; advise the respondent that *he will have a reasonable opportunity to examine and object to the evidence against him,* to present evidence in his own behalf and to cross-examine witnesses presented by the Government; place the respondent under oath; read the factual allegations and the charges in the order to show cause to the respondent and explain them in nontechnical language, and enter the order to show cause as an exhibit in the record. Deportation hearings shall be open to the public, except that the Immigration Judge may, in his discretion and for the purpose of protecting witnesses, respondents, or the public interest, direct that the general public or particular individuals shall be excluded from the hearing in any specific case. Depending upon physical facilities, reasonable limitation may be placed upon the number in attendance at any one time, with priority being given to the press over the general public. (Emphasis added).

2. 28 U.S.C. § 1361 provides that:

    The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

3. 8 U.S.C. § 1105a(a) provides that:

    The procedure prescribed by, and all the provisions of sections 1031 to 1042 of Title 5, shall apply to, and shall be the sole and exclusive procedure for, the judicial review of all final orders of deportation heretofore or hereafter made against aliens within the United States pursuant to administrative proceedings under section 1252(b) of this title or comparable provisions of any prior Act....

4. 8 U.S.C. § 1252(b) provides, in pertinent part, that:

    (b) A special inquiry officer shall conduct proceedings under this section to determine the deportability of any alien, and shall administer oaths, present and receive evidence, interrogate, examine, and cross-examine the alien or witnesses, and, as authorized by the Attorney General, shall make determinations, including orders of deportation. Determination of deportability in any case shall be made only upon a record made in a proceeding before a special inquiry officer, at which the alien shall have reasonable opportunity to be present, unless by reason of the alien's mental incompetency it is impracticable for him to be present, in which case the Attorney General shall prescribe necessary and proper safeguards for the rights and privileges of such alien.... Proceedings before a special inquiry officer acting under the provisions of this section shall be in accordance with such regulations, not inconsistent with this chapter, as the Attorney General shall prescribe. Such regulations shall include requirements that—

    (1) the alien shall be given notice, reasonable under all the circumstances, of the nature of the charges against him and of the time and place at which the proceedings will be held;

    (2) the alien shall have the privilege of being represented (at no expense to the

The Supreme Court has delineated the scope of Section 106(a) as it relates to deportation actions. An analysis of three of its cases makes it clear that the review of discovery orders in 242(b) proceedings comes within the purview of this section. In *Foti v. Immigration and Naturalization Service,* 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963), the Supreme Court held that:

> [A]ll determinations made during and incident to the administrative proceeding conducted by a special inquiry officer [Immigration Judge], and reviewable together by the Board of Immigration Appeals ... are ... within the ambit of the exclusive jurisdiction of the Courts of Appeals.

*Id.* at 229, 84 S.Ct. at 314. *Foti* specifically involved an expansion of "final orders of deportation" to include the denials of suspensions of deportation. In a short *per curiam* opinion, *Giova v. Rosenberg,* 379 U.S. 18, 85 S.Ct. 156, 13 L.Ed.2d 90 (1964), the Supreme Court enlarged the scope of "final orders of deportation" to include the denials of motions to reopen deportation hearings.

In *Chen Fan Kwok v. Immigration and Naturalization Service,* 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968), though the Court held that denials of stays of deportation made by a District Director of the Immigration and Naturalization Service were not "final orders of deportation," the Court made clear that the expansive interpretation of Section 106(a) as set forth in *Foti* continued to hold. The Court reiterated that Section 106(a) embraces:

... those determinations made during a proceeding conducted under Section 242(b), including those determinations made incident to a motion to reopen such proceedings.

*Id.* at 216, 88 S.Ct. 1976. *See also Gornicka v. Immigration and Naturalization Service,* 681 F.2d 501 (7th Cir.1982).

■ The foregoing cases establish that determinations involving discovery in deportation proceedings fall within the scope of Section 106(a) and thus within the exclusive jurisdiction of the Courts of Appeals. The phrase "during and incident to" includes discovery orders, for such orders are made "during" a Section 242(b) proceeding; to conclude the opposite would be to ignore the very meaning of the phrase. Furthermore, the Congressional intent in enacting Section 106(a) was "to prevent delays in the deportation process." *Foti,* 375 U.S. at 236, 84 S.Ct. at 315. Thus, Congressional intent would be thwarted if this Court assumed jurisdiction of the instant matter.[5]

Accordingly, the petition is dismissed for lack of subject matter jurisdiction. It is so ordered.

---

Government) by such counsel, authorized to practice in such proceedings, as he shall choose;

(3) *the alien shall have a reasonable opportunity to examine the evidence against him,* to present evidence in his own behalf, and to cross-examine witnesses presented by the Government; and

(4) no decision of deportability shall be valid unless it is based upon reasonable, substantial, and probative evidence.

(Emphasis added).

**5.** Moreover, that discovery orders are clearly within the scope of Section 106(a) was apparently assumed by the Third Circuit in *Marroquin-Monriquez v. Immigration and Naturalization Service,* 699 F.2d 129 (3d Cir.1983). In *Marroquin,* petitioner brought an appeal pursuant to Section 106(a), in which one of the issues was petitioner's claim that an Immigration Judge's denial of his discovery requests constituted a violation of due process. The Court of Appeals, without discussing the jurisdictional question involved, heard that issue on its merits.