Manapurath Eappen JOHNSON,
Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 91–2290.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 17, 1991.

Decided April 24, 1992.

See also, 773 F.Supp. 114, 962 F.2d 579.

Nathan T. Notkin (argued), Robert D. Ahlgren, Ahlgren & Blumenfeld, Chicago, Ill., for petitioner.

Ira H. Raphaelson, Asst. U.S. Atty., Office of the U.S. Atty., Crim. Div., Chicago, Ill.; Alison R. Drucker, William J. Howard (argued), Lori L. Scialabba, David J. Kline, Dept. of Justice, Office of Immigration Litigation; Richard L. Thornburg, U.S. Atty. Gen., Office of the U.S. Atty. Gen., Washington, D.C.; and A.D. Moyer, I.N.S., Chicago, Ill., for respondent.

Before POSNER, FLAUM, and RIPPLE, Circuit Judges.

FLAUM, Circuit Judge.

Petitioner Manapurath Eappen Johnson is a native of India who faces an order of deportation as a result of a conviction under the Controlled Substances Act, 21 U.S.C. § 802. He appeals a decision of the Board of Immigration Appeals ("Board") denying his motion to reopen his deportation proceedings.

Johnson is a 50–year–old citizen of India, who was admitted to this country as a permanent resident on February 8, 1976. On September 1, 1983, he was convicted by guilty plea of conspiracy to distribute and distribution of approximately 13 pounds of opium in violation of § 841(a)(1) of the Controlled Substances Act. Johnson received a suspended two-year sentence and was assigned to a four-month work release program. He was also placed on probation for five years and given a special concurrent seven-year parole term. Johnson has since completed his sentence.

In October 1983, the Immigration and Naturalization Service ("INS") initiated deportation proceedings. Johnson conceded deportability and filed a petition for discretionary relief from deportation, pursuant to § 212(c) of the Immigration and Nationality Act ("Act"), 8 U.S.C. §§ 1101, 1182(c). After a hearing in May 1984, the immigration judge determined that, although Johnson was statutorily eligible for a § 212(c) waiv-

er of deportation, a weighing of the equities against the serious nature of the misconduct indicated that the case did not warrant a favorable exercise of discretion. The Board affirmed that decision in July 1989, noting that it was fully supported by the record and that all the evidence presented was considered before relief was denied.[1] We affirmed the Board's decision in an unpublished order on June 29, 1990, finding Johnson's claim that the immigration judge failed to permit further testimony regarding the circumstances of the criminal offense meritless on the face of the record. We also determined that all relevant factors were considered at length by the Board and therefore the decision was not an abuse of discretion. Johnson's equal protection claim, that other narcotics offenders have received § 212(c) relief, was dismissed as unsupported by facts or law. *Johnson v. INS*, 907 F.2d 153 (7th Cir. 1990).

Johnson filed a motion to reopen deportation proceedings on December 12, 1989. The motion was supported by new information that Johnson's wife had become a United States citizen and that his younger son, who was living in India, had begun visa processing.[2] Johnson again made his equal protection argument, claiming that 140 aliens deportable for drug convictions had received deferred action status by INS district directors.[3] In its denial of the motion, the Board found Johnson's affidavit insufficient to merit reopening of the case and determined that he failed to demonstrate prima facie eligibility for § 212(c) relief. It went on to state that even if Johnson had established outstanding equities, it would not be inclined to grant relief in the exercise of discretion because of the serious nature of his crime. As to the equal protection claim, the Board found that de-

ferred action status was a matter of prosecutorial discretion not within the Board's jurisdiction.

We now review the Board's refusal to reopen Johnson's deportation proceedings. Johnson first claims that he established prima facie eligibility for § 212(c) relief and that the Board abused its discretion in refusing to reopen the proceedings to more fully evaluate his changed circumstances. Johnson next argues that the Board's discretionary determination—*i.e.*, that even if Johnson had established outstanding equities, he would not be entitled to the Board's favorable exercise of discretion given the serious nature of his crime—was arbitrary and capricious. Third, he asserts that § 212(c) relief is comparable to deferred action status, thereby raising equal protection concerns with the Board's refusal to grant § 212(c) relief. Upon review, we will not disturb the Board's denial of Johnson's motion to reopen under any of these three theories.

We have jurisdiction to review final orders of deportation under § 106(a) of the Act. That authority extends to a motion to reopen. *Oviawe v. INS*, 853 F.2d 1428, 1430 (7th Cir.1988). The Board may deny a motion to reopen on at least three independent grounds: failure to establish a prima facie case for the underlying relief sought; failure to introduce new, material evidence previously unavailable which was not considered in the initial review; or a determination that even if the two previous conditions existed, the movant would not be entitled to discretionary relief. *INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 911–12, 99 L.Ed.2d 90 (1988). The granting of a motion to reopen is discretionary and the authority for such motions derives solely from regulations promulgated by the Attorney General. *INS v. Doherty*, ——

---

**1.** One Board member dissented, concerned about the impact of the intervening 5 years on the equities, but not disagreeing with the immigration judge's findings at the time of his review.

**2.** Although not before the Board during the motion to reopen, Johnson's reply brief states that the younger son is now a permanent resident of the United States.

**3.** Under INS Operations Instruction 242.-1(a)(22), the district director in his or her discretion and with the regional commissioner's approval, may recommend an informal administrative stay of deportation, also known as deferred action status, to certain aliens.

U.S. ——, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992) (citing *INS v. Rios–Pineda,* 471 U.S. 444, 446, 105 S.Ct. 2098, 2100, 85 L.Ed.2d 452 (1985)). Each of the three independent grounds for denial is framed in negative terms, emphasizing the disfavored status of such motions, which often result in the delay of deportation proceedings.

 We have repeatedly stressed the especially deferential nature of judicial review of all final Board orders. *See Cordoba–Chaves v. INS,* 946 F.2d 1244, 1246 (7th Cir.1991); *Kaczmarczyk v. INS,* 933 F.2d 588, 597 (7th Cir.1991); *Oviawe,* 853 F.2d at 1430. Abuse of discretion is the proper standard of review when a denial of a motion to reopen is based on failure to either establish the prima facie case or introduce previously unavailable, material evidence. *Abudu,* 485 U.S. at 104–05, 108 S.Ct. at 911–12. Such an abuse of discretion will not arise unless the denial of a motion to reopen is made without rational explanation, inexplicably departs from established policies, or rests on an impermissible basis such as invidious discrimination against a particular race or group. *Oviawe,* 853 F.2d at 1430–31 (citing *Achacoso–Sanchez v. INS,* 779 F.2d 1260 (7th Cir.1985)). Discretionary denials also are reviewed for abuse of discretion, and our review is limited to whether the discretion was exercised in an arbitrary or capricious manner. *Garcia–Lopez v. INS,* 923 F.2d 72, 74 (7th Cir.1991). This necessarily narrow scope of review, likened to the review of petitions for rehearing and motions for new trials on the basis of newly discovered evidence by the Supreme Court, presents a difficult challenge to deportable aliens. *Abudu,* 485 U.S. at 107, 108 S.Ct. at 913.

In support of his claim that the Board's prima facie eligibility standard exceeds the statutory requirements and that the Board abused its discretion in denying prima facie eligibility without a careful analysis of the new, positive factors, Johnson relies on five Board decisions that allegedly awarded § 212(c) relief on similar facts.[4] The government, noting that none of these cases involved motions to reopen or resulted in a grant of § 212(c) relief, responds that the grant or denial of a motion to reopen is a discretionary determination.

 Section 212(c) contemplates seven years of consecutive residence and administrative discretion in determining eligibility for relief. In a motion to reopen a § 212(c) proceeding, the Board utilizes a prima facie test that requires a showing that statutory requirements are met and that relief would be warranted if the proceedings were reopened. *Marcello v. INS,* 694 F.2d 1033, 1035 (5th Cir.1983). Merely demonstrating seven consecutive years of residency does not provide an indiscriminate waiver of deportation. *Cordoba–Chaves,* 946 F.2d at 1247 (citing *Matter of Buscemi,* 19 I & N Dec. 628, 633 (BIA 1988)). Johnson bears the burden of showing that he merits relief through the establishment of outstanding equities that outweigh the countervailing negative factors. *See id.* (citing *Matter of Edwards,* Int. Dec. 3134 at 6 (BIA 1990)); *Matter of Marin,* 16 I & N Dec. 581, 583 (BIA 1978).

 Here, the Board found Johnson's affidavit outlining his changed circumstances and favorable equities insufficient to merit reopening his case. The Board summarized the affidavit in its opinion and then considered the new factors in combination with those presented at the original hearing, finding that Johnson failed to demonstrate the prima facie eligibility which is dependent upon a showing of outstanding equities. In this instance, the Board did not abuse its discretion in determining that Johnson did not establish prima facie eligibility for the underlying § 212(c) relief.

---

4. *Matter of Golshan,* 18 I & N Dec. 92 (BIA 1981) (record remanded to immigration judge to give alien opportunity to submit application for § 212(c) relief); *Matter of Lok,* 18 I & N Dec. 101 (BIA 1981) (alien statutorily ineligible for § 212(c) relief); *Matter of Brown,* 18 I & N Dec. 324 (BIA 1982) (alien may resume applica-

tion for § 212(c) relief upon return to this country); *Matter of Duarte,* 18 I & N Dec. 329 (BIA 1982) (alien failed to meet § 212(c) relief burden and appeal dismissed); and *Matter of Edwards,* Int. Dec. 3134 (BIA May 2, 1990) (alien's appeal dismissed as favorable equities did not outweigh serious nature of crime).

In addition to denying a motion to reopen based on inability to establish prima facie eligibility, the motion may also be denied through the Board's exercise of discretion in determining that the movant would not otherwise be entitled to discretionary relief. *Abudu*, 485 U.S. at 104–05, 108 S.Ct. at 911–12, *Oviawe*, 853 F.2d at 1430. Here, the Board determined that Johnson had not established the outstanding equities required for prima facie eligibility for § 212(c) relief, and that even if he had, the serious nature of his crime outweighed the equities such that the Board's favorable discretion was not warranted. Johnson claims that the discretionary denial of the motion to reopen was arbitrary and capricious. Arguing that all factors must be considered in their new realignment, Johnson insists this mandates consideration of his wife's United States citizenship and an inquiry into the circumstances surrounding his conviction. The government responds that all equities, including Mrs. Johnson's citizenship, were in fact evaluated and that the Board lacked jurisdiction over an inquiry into the circumstances of the crime.

A review of relevant factors by the Board is required in order to provide a record for appellate review. *Crespo–Gomez v. Richard*, 780 F.2d 932, 935 (11th Cir.1986); *see also Garcia–Lopez*, 923 F.2d at 74. Johnson relies on *Sang Seup Shin v. INS*, 750 F.2d 122 (D.C.Cir.1984), to support his argument that his wife's citizenship is so important that the denial of the motion to reopen demonstrates the Board's lack of adequate and fair review of the equities. *Sang Seup Shin* does emphasize the significance of an alien spouse's citizenship, but does not create an entitlement to relief through the granting of a motion to reopen. *Id.* at 127. The Board in *Sang Seup Shin* had failed even to acknowledge the existence of the alien spouse's citizenship, as well as the alien's status as an immediate relative to a United States citizen. On that basis, the appellate court remanded the case so that the Board could supply a reasoned response to Shin's altered situation. *Id.* at 123. Here, the citizenship of Johnson's wife and the other relevant factors were considered before denial of relief. We see no evidence that the Board's discretion was exercised in an arbitrary or capricious manner.[5]

Johnson also fails in his related argument that the Board has departed from settled policy in refusing to grant a reopening of his case based on the citizenship of his wife. There are many instances in which the Board has denied relief to an alien with a citizen spouse, and even citizen children, where adverse factors were serious. *See Cordoba–Chaves*, 946 F.2d at 1248; *Matter of Edwards*, Int. Dec. 3134 at 11. As it reviewed Johnson's motion, the Board determined that the positive factors, including his wife's citizenship, did not outweigh the serious nature of his crime.

■ Johnson claims, furthermore, that the circumstances surrounding his conviction were never truly examined at the trial level and therefore mandate a reopening of his case. The government responds that the circumstances of the crime are beyond review—barred by res judicata, § 106(c) of the Act,[6] and lack of jurisdiction.[7] Even if

---

5. The Board's opinion reflects consideration of the following circumstances in Johnson's case: his wife's citizenship, the youngest son's visa processing, the eldest son's permanent residency, his own length of residency, the two additional arrest-free years of residency, and the hardship of deportation.

6. The relevant portion of § 106(c) of the Act, 8 U.S.C. § 1105a(c), states:
 **Exhaustion of administrative remedies or departure from United States; disclosure of prior judicial proceedings**
 ... No petition for review or for habeas corpus shall be entertained if the validity of the order has been previously determined in any civil or criminal proceeding, unless the petition presents grounds which the court finds could not have been presented in such prior proceeding, or the court finds that the remedy provided by such prior proceeding was inadequate or ineffective to test the validity of the order.

7. The government claims Johnson did not raise this issue in the motion to reopen thus this court lacks jurisdiction to consider it. The Board, however, mentioned the issue in its denial of reopening, stating:
 Even assuming the respondent had established unusual or outstanding equities, we would not be inclined to grant the respondent

we were to consider the claim, the record is clear that the circumstances and Johnson's explanation were repeatedly reviewed. The Board, in originally denying § 212(c) relief, stated that the immigration judge admitted Johnson's affidavit detailing his version of the crime and considered all the evidence before concluding that relief was not warranted. We found the claim meritless in our affirmation of the denial of § 212(c) relief. In its refusal to reopen, the Board again noted the circumstances but found the explanation "incredible." Thus, Johnson's explanation has been considered, albeit rejected, at all stages of his cause and does not in any way demonstrate that the Board exercised its discretion in an arbitrary and capricious manner.

Johnson finally argues that deferred action status is comparable to § 212(c) relief because it has the same practical outcome, and therefore the Board should ensure that its § 212(c) determinations are consistent with the district director's decisions on deferred action. Directing our attention to cases where deferred action status was granted to aliens convicted of controlled substance crimes, Johnson intimates a violation of equal protection and claims an abuse of the Board's discretion in departing from settled policy.

Deferred action status is granted as a matter of prosecutorial discretion; such authority has not been delegated to immigration judges or to the Board. *See Matter of Medina*, 19 I & N Dec. 734 (BIA 1988); INS Operations Instruction 242.-1(a)(22); *see also Velasco–Gutierrez v. Crossland*, 732 F.2d 792 (10th Cir.1984) (regional commissioner possesses unfettered discretion in deferred action determinations). Section 212(c) relief, which is within the discretion of the immigration judges and the Board, is therefore not comparable or even related to deferred action. The Board has no control over deferred action determinations and hence such decisions cannot become policy of the Board. It follows that deferred action determina-

tions by the District Director cannot possibly be departures from established Board policy. We find this final claim to be meritless.

The Board considered the relevant factors in refusing to reopen petitioner Johnson's deportation proceedings. We find no abuse of discretion, and accordingly, the decision of the Board of Immigration Appeals is

AFFIRMED.

---

relief in the exercise of discretion due to the serious nature of his crime, and his incredible explanation of his involvement, which he maintains to date, that he was an innocent dupe in the drug transaction.
Board Op. at 2.