991 F.2d 799
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Stanislaw IWANIEC, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-1868.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 2, 1993.*
Decided April 12, 1993.
 
 Before POSNER and KANNE, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 An immigration judge found Stanislaw Iwaniec deportable in January 1991, and denied his applications for asylum and witholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). Iwaniec appealed the decision to the Board of Immigration ("BIA") where it was subsequently dismissed on December 17, 1991. In January 1992, Iwaniec filed a motion to "Reopen and Reconsider the Decision of December 17, 1991," in order to challenge the BIA's conclusion that Iwaniec did not have a reasonable fear of persecution. The BIA denied the motion. Iwaniec now appeals the BIA's denial of his motion to "Reopen and Reconsider." His petition for review is denied.
 
 
 2
 The BIA's denial of the motion to reopen is a "final decision" subject to our review. 8 U.S.C. § 1105a(a); I.N.S. v. Abudu, 485 U.S. 94, 96 (1988). The granting of a motion to reopen is discretionary, and we review the BIA's decision only for abuse of discretion " 'regardless of the underlying basis of the alien's request [for relief].' " INS v. Doherty, 112 S.Ct. 719 (1992) (quoting INS v. Abudu, 485 U.S. 94, 99, n. 3 (1988)) (alteration in original)); see Johnson v. I.N.S., 962 F.2d 574 (7th Cir.1992) ("review is limited to whether the discretion was exercised in an arbitrary or capricious manner"). Motions to reopen are generally viewed unfavorably. Johnson v. I.N.S., 962 F.2d 574 (7th Cir.1992).
 
 
 3
 The BIA had concluded in the hearing of December 17, 1991, that Iwaniec had never been persecuted in the past, that he had not established a well-founded fear of persecution in the future or that there was a clear probability of persecution. Moreover, the BIA had found that Iwaniec's fears stemmed from his opposition to communism and his activities in the Solidarity. The BIA took administrative notice that Poland is no longer controlled by communists and that Solidarity is now part of the coalition governing Poland. Through his motion to reopen, Iwaniec hoped to introduce evidence showing that despite the change in Poland's government, he was still in danger.
 
 
 4
 Iwaniec is correct in his assertion that we suggested the use of a motion to reopen for contesting the BIA's use of administrative notice in Karczmarczyk v. I.N.S., 933 F.2d 588 (7th Cir.1991), but Karczmarczyk does not excuse petitioner from having to follow the designated procedures. A motion to reopen "shall state the new facts to be proved at the reopened hearing and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 3.8. The BIA may deny a motion to reopen for "failure to introduce new, material evidence previously unavailable which was not considered in the initial review." Johnson, 962 F.2d at 576 (citing Abudu, 485 U.S. at 104-105). Iwaniec did not just fail to introduce new material evidence previously unavailable; he failed to support his claims with any evidence.
 
 
 5
 In contrast to a motion to reopen, a motion to reconsider is appropriate where the BIA applied improper legal standards, disregarded or misread prior precedents or failed to apply a change in the law. Sanchez v. I.N.S., 707 F.2d 1523, 1529 (D.C.Cir.1983). The motion to reconsider "shall state the reasons upon which the motion is based and shall be supported by such precedent decisions." 8 C.R.R. §§ 3.8 and 103.5(a)(iv)(3).
 
 
 6
 Iwaniec's motion merely asked the BIA to "reconsider certain conclusions of law made at the prior proceeding." Rather than point to legal errors, he reiterated the same arguments which he had already presented to the immigration judge. He provided no reasons upon which his motion was based.
 
 
 7
 DENIED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs