28 F.3d 1217
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Samija ZENKOSKI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 93-1962, 93-3708.
 United States Court of Appeals, Seventh Circuit.
 Argued April 21, 1994.
Decided June 29, 1994.
 
 Before CUMMINGS, MANION and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Samija Zenkoski was born in Macedonia, a part of the former Yugoslavia, and is an Albanian Muslim. On July 17, 1989, the Board of Immigration Appeals (the "Board") ordered that he be deported to Yugoslavia because he had entered this country illegally. Zenkoski subsequently filed a motion to reopen and to stay deportation, both of which were denied by the Board. Zenkoski then made successive motions to reconsider the denial of his motion to reopen, each time asking that the Board consider supplemental evidence that he would be persecuted if deported to his homeland. The Board denied each motion, indicating that Zenkoski had not identified any error of law in the Board's earlier denial of his motion to reopen that would provide a basis for reconsideration. Zenkoski petitions for review of each denial. Because Zenkoski's motions asked the Board to consider new evidence in support of his asylum application, we have jurisdiction to review the Board's denial of those motions pursuant to 8 U.S.C. Sec. 1105a(a)(1). We now grant both petitions and remand to the Board for further proceedings.
 
 I. BACKGROUND
 
 2
 After an in absentia hearing,[1] an immigration judge found that Zenkoski was deportable under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1251(a)(2). Zenkoski appealed that determination to the Board, but his attorney neglected to file a brief in support of his appeal, nor did he ask for oral argument. The Board accordingly sustained the IJ's finding in a decision dated July 17, 1989, and ordered that Zenkoski be deported to Yugoslavia. Zenkoski did not petition for review of the Board's deportation order, but more than three years later, after he was apprehended for deportation, he asked the Board to reopen his deportation proceedings and to stay his deportation. Zenkoski sought a hearing on the claim that he is eligible for asylum and withholding of deportation because he will face persecution if returned to the former Yugoslavia. The Board denied a stay on February 8, 1993, and subsequently refused to reopen the proceeding by its order of March 5, 1993.[2] But on that date, Zenkoski also submitted a supplement to his motion to reopen, including a new application for asylum which outlined Zenkoski's fear that he would be persecuted as an Albanian Muslim if deported to the former Yugoslavia. The supplement provided additional information relating to the ineffective assistance of counsel claim that Zenkoski first advanced in his motion to reopen. Yet because the Board had denied Zenkoski's motion to reopen on the same day that it received this supplemental information, it did not consider the supplement in making its decision.
 
 
 3
 Zenkoski therefore filed a motion to reconsider the denial of his motion to reopen, asking that the Board consider the supplement. In an order dated April 8, 1993, the Board explained that motions to reconsider are addressed to the Board's legal conclusions and that in seeking reconsideration, a petitioner must show that the Board applied improper legal standards, misread or misapplied existing precedent, or should take note of a recent change in the law. Because the record did not reveal that the supplement had ever been submitted to the Board prior to the filing of the first motion to reconsider, the Board again refused to consider Zenkoski's supplemental materials. It instead denied Zenkoski's motion because he had not identified an error of law or fact in the Board's order denying the motion to reopen. Zenkoski petitioned this court for review of the Board's April 8, 1993 order.
 
 
 4
 While that petition was pending, Zenkoski filed a second motion to reconsider before the Board. He again asked that the Board consider the materials contained in the supplement to his motion to reopen, and this time, he presented documentary evidence which proved that the supplement had been provided to the Board on March 5, 1993. Indeed, the cover letter to the supplement was stamped as having been received by the Board on that date. The Immigration and Naturalization Service (the "Service" or "INS") joined Zenkoski's second motion to reconsider because, as its counsel explained at oral argument before this court, it "wanted to be fair." The Board denied that joint motion for reconsideration on November 3, 1993. In its order, the Board explained that the record clearly showed that Zenkoski's supplement had not been received until after the Board rendered its decision denying the motion to reopen on March 5, 1993. The denial of the motion to reopen was therefore appropriate. Moreover, the Board observed that when it had denied Zenkoski's first motion to reconsider, the record had not reflected an earlier filing date for the supplement, although the Board then conceded that Zenkoski's attorney in fact had provided the supplement to the Board on March 5, 1993. The Board therefore concluded that it also had properly denied the first motion to reconsider. Because Zenkoski had failed to demonstrate any error of law or fact in its previous orders, the Board then denied the second motion to reconsider, again without considering the information in his supplement. Zenkoski filed a second petition for review with this court, which we consolidated with his earlier petition.
 
 II. DISCUSSION
 
 5
 The Board initially challenges our jurisdiction over these petitions, contending that we have no power to review the Board's denial of a motion to reconsider. The Board would be correct if these were truly motions for reconsideration that alleged only material errors in the Board's earlier disposition ( see ICC v. Brotherhood of Locomotive Eng'rs, 482 U.S. 270, 280 (1987); Schneider Nat'l, Inc. v. ICC, 948 F.2d 338, 344 (7th Cir.1991); Advance Transp. Co. v. Untied States, 884 F.2d 303, 305-06 n. 4 (7th Cir.1989)), but Zenkoski's motions do more than that. Although styled as motions to reconsider, Zenkoski's motions ask the Board to consider supplemental evidence that would support his application for asylum--evidence relating to his own particular situation, as well as more general evidence of changing conditions in the former Yugoslavia. In that regard, these motions more closely resemble motions to reopen, and the denial of such a motion is reviewable in this court. See Brotherhood of Locomotive Eng'rs, 482 U.S. at 278, 281; Henry v. INS, 8 F.3d 426 (7th Cir.1993) (reviewing denial of multiple motions to reopen).[3]
 
 
 6
 The Board itself distinguishes motions for reconsideration from motions to reopen on a similar basis:
 
 
 7
 A motion to reconsider asserts that at the time of the Board's previous decision an error was made. It questions the Board's decision for alleged errors in appraising the facts and the law. When we reconsider a decision, we are in effect placing ourselves back in time and considering the case as though a decision in the case on the record before us had never been entered.... A motion to reopen proceedings, however, is a fundamentally different motion. It does not contest the correctness of (or simply request a reevaluation of) the prior decision on the previous factual record. Rather, a motion to reopen proceedings seeks to reopen proceedings so that new evidence can be presented and so that a new decision can be entered, normally after a further evidentiary hearing.
 
 
 8
 In re Cerna, Interim Decision 3161, at 5-6 (BIA 1991) (internal quotation and citation omitted);[4] see also Henry, 8 F.3d at 436. That distinction is reflected in the regulations governing such motions:
 
 
 9
 Motions to reopen shall state the new facts to be proved at the reopened hearing and shall be supported by affidavits or other evidentiary material. Motions to reconsider shall state the reasons upon which the motion is based and shall be supported by such precedent decisions as are pertinent.
 
 
 10
 (8 C.F.R. Sec. 3.8), as well as in the Service's brief on this appeal:
 
 
 11
 A motion to reconsider differs from a motion to reopen in that it is a vehicle for calling legal developments or legal error to the Board's attention as opposed to the existence of new and material facts, which are brought to the Board's attention via a motion to reopen.
 
 
 12
 (INS Br. at 15.)
 
 
 13
 The Service emphasizes, however, that even if Zenkoski submitted additional evidentiary materials with his motions, the motions themselves only requested reconsideration of the denial of his original motion to reopen, rather than reopening of the deportation proceeding itself. But Zenkoski only filed the two motions because the Service had failed to consider his supplementary materials in denying his original motion to reopen. Both motions asked the Board to reopen the proceedings and to consider the supplementary materials. The Board was not entitled to ignore Zenkoski's supplemental materials simply because he had attached the wrong label to his motion. The Board should instead have treated his motions as requests to reopen under 8 C.F.R. Sec. 3.2, and we will require that it do so on remand. See Rhoa-Zamora v. INS, 971 F.2d 26, 29 n. 1 (7th Cir.1992) (treating motion for reconsideration as motion to reopen), cert. denied, 113 S.Ct. 1943, 2331 (1993).
 
 
 14
 The Service nonetheless argues that even if Zenkoski's motions offered new evidence, they did not meet the criteria for reopening required by 8 C.F.R. Sec. 3.2:
 
 
 15
 Motions to reopen in deportation proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing; nor shall any motion to reopen for the purpose of affording the alien an opportunity to apply for any form of discretionary relief be granted if it appears that the alien's right to apply for such relief was fully explained to him and an opportunity to apply therefor was afforded him at the former hearing unless the relief is sought on the basis of circumstances which have arisen subsequent to the hearing.
 
 
 16
 The Supreme Court has made clear that reopening is discretionary with the Board and that the Board retains broad discretion to grant or deny such motions. INS v. Doherty,
 
 
 17
 failure to establish a prima facie case for the underlying relief sought, failure to introduce new, material evidence previously unavailable which was not considered in the initial review; or a determination that even if the two previous conditions existed, the movant would not be entitled to discretionary relief.
 
 
 18
 Henry, 8 F.3d at 439 (quoting Johnson v. INS, 962 F.2d 574, 576 (1992)); see also INS v. Abudu, 485 U.S. 94, 104-05 (1988). We review a denial under each ground for an abuse of discretion, although the precise nature of our review may differ based upon the reason given. See Doherty, 112 S.Ct. at 725; Henry, 8 F.3d at 439.
 
 
 19
 Although the Board has broad discretion to deny motions to reopen deportation proceedings, it simply did not exercise that discretion here. Because the Board never considered Zenkoski's supplemental evidence of conditions in the former Yugoslavia and his own fears of persecution if he is deported there, it did not decide whether that evidence was new and material, as well as previously unavailable. The Board focused instead on the fact that Zenkoski had not shown a legal error in its earlier decisions that would make reconsideration appropriate. The Board's approach places undue emphasis on the label Zenkoski attached to his motions and fails to account for the new evidence highlighted in each motion. We must therefore remand to the Board with instructions that it consider Zenkoski's supplement to determine whether it contains new and material information that would warrant the reopening of his deportation proceeding. Cf. Henry, 8 F.3d at 438-39. We are not suggesting that the Board must reopen in these circumstances, as that discretionary decision lies with the Board, but only that it should consider whether Zenkoski has met the criteria for reopening and if so, whether the Board should exercise its discretion favorably to reopen Zenkoski's deportation proceedings. We grant the petitions for review and remand for that purpose.
 
 
 20
 REMANDED.
 
 
 
 [1]
 Zenkoski failed to appear at his deportation hearing, allegedly because his attorney had neglected to notify him of the hearing date
 
 
 [2]
 One Board member dissented from the denial of the stay, citing the "political geography" of the former Yugoslavia and her concern that a portion of Zenkoski's asylum application was not included among the materials before the Board
 When the Board denied a stay, Zenkoski filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Illinois. At a hearing on that petition, the district court took judicial notice of the fact that the attorney who had represented Zenkoski before the immigration judge could not provide proper representation to anyone. The court subsequently dismissed the petition on March 12, 1993, pursuant to a joint stipulation, which required the Immigration and Naturalization Service to grant Zenkoski a stay of deportation pending final resolution of his motion to reopen before the Board.
 
 
 [3]
 The Service conceded at oral argument that there is no limit to the number of motions to reopen that a petitioner may file
 
 
 [4]
 In Cerna, the Board determined that a motion styled both as a motion to reconsider and as a motion to reopen should be considered only as a motion to reopen:
 We note initially that although styled as both a motion to reconsider and a motion to reopen, the motion before us is, in fact, solely a motion to reopen deportation proceedings. The motion seeks the opportunity to submit evidence that was not previously a matter of record and seeks a further opportunity to pursue a request for relief under section 212(c) of the Act on the supplemented record. There is no argument presented that alleges any specific error in our prior decision in this case.
 Id. at 3.