77 F.3d 484
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Tadeusz BARNAS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-2176.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 24, 1996.
Decided Feb. 23, 1996.
 
 Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Taseusz Barnas moved the Board of Immigration Appeals ("Board" or "BIA") to reopen his deportation proceedings. The Board denied the motion, and Barnas appeals.
 
 FACTS
 
 2
 Barnas, a native and citizen of Poland, entered the United States in March 1986 under a visa admitting him as a visitor for pleasure. He did not leave the country before the visa expired, and in 1987 he was declared to be in the United States illegally. Barnas conceded deportability, but he applied for asylum/witholding of deportation based upon his participation in the Solidarity movement. The petition was denied in 1990 and Barnas was granted voluntary departure. He appealed, and the Board of Immigration Appeals denied his petition on July 14, 1994. It granted Barnas thirty days for voluntary departure. Barnas failed to seek review of or appeal the Board's decision. He also failed to leave the United States.
 
 
 3
 On December 29, 1994, the INS directed Barnas to present himself for deportation on January 17, 1995. On January 13, Barnas petitioned the BIA to reopen his deportation proceedings and suspend his deportation. He relied upon changed circumstances in the form of his marriage to a lawful permanent resident on August 6, 1994, the birth of his United States citizen child on December 9, 1994, and his acquisition of real estate (a home purchased September 15, 1994) and business assets. The Board determined that Barnas had failed to establish prima facie eligibility for suspension of deportation because he did not establish that he, his wife, or his child would suffer extreme hardship. Alternatively, it concluded that it would deny his petition even if he had presented a prima facie case. It denied the motion on April 18, 1995, and Barnas timely appealed.
 
 STANDARD OF REVIEW
 
 4
 The decision to reopen deportation proceedings is committed by federal regulation to the discretion of the Attorney General and the BIA. INS v. Doherty, 112 S.Ct. 719, 724 (1992). Accordingly, this court reviews the Board's decision only for abuse of discretion. Id. at 724-25. It will affirm unless the decision "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." Guan v. INS, 49 F.3d 1259, 1261 (7th Cir.1995) (citations omitted); Oviawe v. INS, 853 F.2d 1428, 1430-31 (7th Cir.1988). "That this court might assign a different weight to the factors considered by the BIA is of no moment, for we may not engage in a plenary review of the record." Palmer v. INS, 4 F.3d 482, 490 (7th Cir.1993) (citation and internal citation omitted).
 
 ARGUMENT
 
 5
 In a motion to reopen, the petitioner must present material evidence that was not available at the former hearing, 8 C.F.R. § 3.2, and must establish prima facie eligibility for the relief requested. INS v. Abudu, 485 U.S. 94, 104 (1988). The BIA may deny a petitioner's motion to reopen on any of three independent grounds: 1) that the petitioner has not established a prima facie case for the relief requested; 2) that the petitioner has not introduced previously unavailable, material evidence; or 3) that, in the judgment of the BIA, even if threshold requirements are disregarded the petitioner is not entitled to the discretionary grant of relief. Id. at 104-05; Doherty, 112 S.Ct. at 725.
 
 
 6
 Barnas requests suspension of deportation. An alien is eligible for suspension of deportation if he (1) has been physically present in the United States for a continuous period of not less than seven years; (2) during that period has been a person of good moral character; and (3) is a person "whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1254(a)(1).
 
 
 7
 In this case the Board determined both that Barnas did not present a prima facie case for relief because he did not demonstrate that he, his wife, or his citizen child would suffer extreme hardship, and that even if he had presented a prima facie case, it would deny relief.
 
 I. Prima Facie Case
 
 8
 Barnas contends that his motion set forth a prima facie case and the Board erred in finding no extreme hardship. He points to his child's medical condition (the child suffers from jaundice)[1] and the economic losses his family will face, including a diminished standard of living and the sale of its United States assets, if he is required to return to Poland.
 
 
 9
 The BIA has the authority to construe "extreme hardship" narrowly. INS v. Jong Ha Wang, 450 U.S. 139, 145 (1981); Palmer, 4 F.3d at 487. There is no extreme hardship without a showing of significant actual or potential injury, in the sense that the petitioner will suffer hardship "substantially different from and more severe than that suffered by the ordinary alien who is deported." Palmer, 4 F.3d at 487-88 (quoting Sanchez v. INS, 755 F.2d 1158, 1161 (5th Cir.1985)). Although economic factors are relevant, "economic disadvantage alone does not constitute extreme hardship." Id. at 488.
 
 
 10
 This court has previously affirmed the BIA's decision to deport aliens in circumstances very similar to those facing Barnas. In Marquez-Medina v. INS, 765 F.2d 673 (7th Cir.1985), for example, the court rejected petitioner's arguments that the poor economic conditions prevalent in Mexico and his citizen daughter's medical condition sufficed to establish extreme hardship. There was no showing that the child could not receive adequate treatment in Mexico, nor did petitioner rely on any economic circumstance particular to him. Id. at 676-77. Other economic factors, such as the forced sale of petitioner's home and loss of present employment, were similarly deemed insufficient. Id. In Hernandez-Patino v. INS, 831 F.2d 750 (7th Cir.1987), the petitioner argued that his family faced economic destitution and emotional hardship if deported. The court affirmed the BIA's order, noting that the petitioner's situation, which lacked factors such as advanced age, illness, and family ties, was indistinguishable from many similar deportations. Id. at 755. See also Diaz-Salazar v. INS, 700 F.2d 1156 (7th Cir.), cert. denied, 462 U.S. 1132 (1983); Bueno-Carillo v. Landon, 682 F.2d 143 (7th Cir.1982).
 
 
 11
 Further, the Board placed special importance on the fact that Barnas's equities were acquired well after the beginning of his deportation proceedings. The Supreme Court has noted that the BIA is entitled to discourage petitioners who stall deportation proceedings to remain in this country as long as possible, INS v. Rios-Pineda, 471 U.S. 444, 450 (1985), as has this court: "The Board is entitled to take a dim view of asking for voluntary departure and then not departing; it is entitled to look askance on aliens who ignore valid orders of deportation [and] wait for the INS to arrive at their doorsteps...." Achacoso-Sanchez v. INS, 779 F.2d 1260, 1266 (7th Cir.1985). See also Guan, 49 F.3d at 1262 ("in addition, the hardships of which she now complains were created by her at a time when she knew full well that she was under an order of deportation. Also, Petitioner had not attained seven years of continuous presence in the United States until well after the beginning of her deportation proceedings."); cf. Salameda v. INS, 70 F.3d 447, 452 (7th Cir.1995) (Easterbrook, J., dissenting).
 
 
 12
 There is no indication that Barnas or his family will suffer hardship greater than that of other aliens who are deported. The Board carefully evaluated Barnas's allegations of hardship and acted within its discretion to deny the motion because Barnas failed to present a prima facie case.
 
 II. Discretionary Denial
 
 13
 The Board also declared that its decision would stand even if Barnas had presented a prima facie case. It is within the Board's discretion to ignore the threshold statutory requirements and deny relief as a matter of discretion. Abudu, 485 U.S. at 105-06; Guan, 49 F.3d at 1262. Such denials are reviewed for an abuse of discretion, but the court's review is limited to whether the Board exercised its discretion in an arbitrary or capricious manner. Johnson v. INS, 962 F.2d 574, 577 (7th Cir.1992). The Board is required to review the relevant factors, and no arbitrary or capricious action will be found where there is indication that it has done so. Id. at 578-79.
 
 
 14
 Barnas contends that the Board was arbitrary and capricious because it assumed negative facts, but he cites only the Board's incorrect determination about when Barnas received the INS's letter to present himself for deportation. Although it is true that the Board abuses its discretion when it acts upon an untrue supposition, Achacoso-Sanchez, 779 F.2d at 1266, in this instance any mistaken belief was irrelevant. The assumption occurred in a discussion of whether Barnas had notice of the Board's order, and the Board concluded that he either knew or should have known about the order prior to receiving the deportation letter.
 
 
 15
 Moreover, Barnas alleges that the Board simply assumes that there can be no evidence to prove the matters that Barnas raises in his petition. He asks this court to direct the BIA to hold a hearing on his petition so he can have the opportunity to present evidence. Barnas, however, misreads the Board's ruling. The Board evaluated the issues that Barnas raised before it and that he again raises before this court: the hardship to his wife, his child, and himself, his child's medical condition, Poland's economic conditions and the family's economic prospects, and his history of employment and good moral character. It concluded that Barnas was not deserving of relief. There is no indication that its decision turned on whether Barnas can prove the matters asserted; rather, in the Board's opinion, the matters asserted do not merit relief. That decision is within the Board's discretion where, as here, it has considered the relevant factors.
 
 
 16
 Finally, Barnas asks this court to reinstate voluntary departure. This request must be denied, however, because only the Attorney General and her designee have the power to grant voluntary departure. "While this court has the authority to review the BIA's denial of asylum petitions, it has no authority to reinstate voluntary departure." Ademi v. INS, 31 F.3d 517, 521 (7th Cir.1994).
 
 CONCLUSION
 
 17
 Evaluated under this circuit's case law, Barnas has failed to present a prima facie case for suspending his deportation and reopening his deportation proceedings. The Board of Immigration Appeals has not abused its discretion in denying his motion, and therefore its decision is affirmed.
 
 
 
 [1]
 Petitioner's brief states that his child requires two trips per week to the hospital and cites to petitioner's affidavit in the administrative record. That affidavit states "my child is suffering from jaundice, requiring no less than two trips to the hospital for tests and treatment." R. at 23