**Mahmoud SBEIH, Petitioner,**

v.

**EXECUTIVE OFFICE OF IMMIGRATION REVIEW, Immigration and Naturalization, Brian Perryman, District Director of the INS in Chicago, Illinois, and the United States of America, Defendants.**

**No. 97 C 5952.**

United States District Court. N.D. Illinois, Eastern Division.

Nov. 3, 1997.

Y. Judd Azulay, Heidi Lee Widell, Azulay & Azulay, P.C., Chicago, IL, for Petitioner.

Asst. U.S. Atty., Chicago, IL, for Defendants.

### *MEMORANDUM OPINION AND ORDER*

GETTLEMAN, District Judge.

Petitioner Mahmoud Sbeih is an alien subject to a final order of deportation. He seeks a writ of mandamus in connection with deportation proceedings conducted against him before the Immigration Judge of the Executive Office for Immigration Review (the "Immigration Judge"). For the following reasons, the mandamus petition is dismissed for lack of jurisdiction.

### *FACTUAL BACKGROUND*

Petitioner is a native and citizen of Jordan who entered the United States as a non-

immigrant student on January 6, 1990. On October 12, 1995, after a hearing, petitioner was found to be deportable for failure to comply with the conditions of the non-immigrant status under which he had been admitted. The Immigration Judge granted petitioner voluntary departure on or before August 12, 1996, in lieu of deportation. The voluntary departure order provided that petitioner would become subject to an order of deportation after August 12, 1996, unless his voluntary departure was properly extended.

On February 17, 1996, petitioner married Angela Joma, a United States citizen, who filed an immediate relative visa petition on his behalf. The petition was approved on June 5, 1996. On August 8, 1996, four days before his period of voluntary departure was to expire, petitioner filed a motion to reopen his deportation hearing in order to have his status adjusted to permanent resident based on the approval of his visa petition. Petitioner also requested an extension of his period of voluntary departure from the District Director of the Immigration and Naturalization Service.

On August 12, 1996, petitioner's period of voluntary departure expired. The District Director denied petitioner's request for an extension or reinstatement of voluntary departure. Subsequently, petitioner supplemented his motion to reopen before the Immigration Judge with a request for reinstatement of voluntary departure. On September 11, 1996, the Immigration Judge granted petitioner a stay of deportation to remain in effect until his motion to reopen was decided. On April 14, 1997, the Immigration Judge issued a written decision in which he denied petitioner's motion to reopen his deportation proceedings to seek a status adjustment.

If an alien who has been allowed to depart voluntarily and has been warned of the consequences of remaining in the United States after his scheduled date of departure as required by 8 U.S.C. § 1252b(e)(2)(B), "remains in the United States after [his] scheduled date of departure, other than because of exceptional circumstances, [he] shall not be eligible for relief described in paragraph (5) for a period of 5 years after the scheduled date of departure or the date of unlawful reentry, respectively." 8 U.S.C. § 1252b(e)(2)(A). The relief described in paragraph (5) includes an "adjustment or change of status"—the relief sought from the Immigration Judge by petitioner. The term "exceptional circumstances" means "exceptional circumstances (such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances) beyond the control of the alien." 8 U.S.C. § 1252b(f)(2). A motion to reopen may be denied for failure to establish a *prima facie* case for the relief sought. *Immigration and Naturalization Service v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 724–25, 116 L.Ed.2d 823 (1992); *Groza v. Immigration and Naturalization Service*, 30 F.3d 814, 818 (7th Cir.1994).

As indicated in his written decision, the Immigration Judge found that petitioner did not depart on or before his scheduled departure date and had not obtained an extension of his period of voluntary departure from the District Director. The Immigration Judge also found petitioner had received the warnings required by 8 U.S.C. § 1252b(e)(2)(B). Finally, the Immigration Judge found that petitioner failed to demonstrate the "extraordinary circumstances" necessary to excuse his failure to depart. In so finding, the Immigration Judge relied on *In re Shaar*, Interim Decision 3290 (BIA 1996), in which the Board of Immigration Appeals held that neither the filing of a motion to reopen nor an Immigration Judge's failure to rule on a pending motion to reopen constituted "exceptional circumstances" under 8 U.S.C. § 1252b(f)(2). Thus, the Immigration Judge determined that 8 U.S.C. §§ 1252b(e)(2)(A) and 1252b(e)(5)(C) rendered petitioner ineligible for an adjustment of status and therefore denied petitioner's motion to reopen.

Petitioner's counsel was notified of the Immigration Judge's decision on April 21, 1997. The notification was accompanied by a cover letter explaining that the decision would be final unless petitioner filed an appeal to the Board of Immigration Appeals within thirty days of the date of the letter. Petitioner did not appeal.

## DISCUSSION

Petitioner acknowledges that the Immigration Judge denied his motion to reopen. Petitioner also admits that, at the time his motion to reopen was decided, his period of voluntary departure had expired and he had not obtained an extension or reinstatement of voluntary departure from the District Director. Petitioner does not deny that he received the letter explaining that the decision of the Immigration Judge would be final unless he filed an appeal to the Board of Immigration Appeals. Petitioner also admits that he did not appeal.

Instead, petitioner argues that: (1) the Immigration Judge could have reinstated his period of involuntary departure; (2) the Immigration Judge failed to consider his request for reinstatement of voluntary departure; and (3) the Immigration Judge's failure to consider his request constituted a denial of his constitutional right to due process. The version of 8 C.F.R. § 3.23 applicable to petitioner [1] states, "[t]he Immigration Judge may upon his or her own motion, or upon the motion of the trial attorney or the alien, reopen or reconsider any case in which he or she has made a decision, unless jurisdiction is vested in the Board of Immigration Appeals...." 8 C.F.R. § 3.23(b)(1) (1995). The version of 8 C.F.R. § 244.2 applicable to petitioner states:

> Authority to reinstate or extend the time within which to depart voluntarily specified initially by an immigration judge or the Board is within the sole discretion of the district director, except that an immigration judge or the Board may reinstate voluntary departure in a deportation proceeding that has been reopened for a purpose other than solely making an application for voluntary departure.

8 C.F.R. § 244.2 (1995). Petitioner argues that since he sought to reopen his deportation proceeding to obtain a status adjustment, not to apply for voluntary departure, the Immigration Judge could have reinstated his voluntary departure under § 244.2 and thereby rendered him eligible for a status adjustment. Petitioner argues that the Immigration Judge found him ineligible for an adjustment of status under 8 U.S.C. §§ 1252b(e)(2)(A) and 1252b(e)(5)(C) and therefore denied his motion to reopen because the Immigration Judge did not believe that he had the authority under § 244.2 to reinstate petitioner's voluntary departure. Although petitioner recognizes a decision to reinstate voluntary departure or to grant or deny a motion to reopen is discretionary, petitioner claims that the Immigration Judge failed to exercise his discretion under § 244.2. Thus, petitioner seeks a writ of mandamus ordering the Immigration Judge to exercise his discretion and consider whether to reinstate petitioner's voluntary departure before denying his motion to reopen because his period of voluntary departure had expired.

The government argues that the Immigration Judge did not fail to exercise any discretion with respect to petitioner's request for reinstatement of voluntary departure because the Immigration Judge did not have any discretion under § 244.2. According to the government, the Immigration Judge "may reinstate voluntary departure in a deportation proceeding that *has been reopened* ...." 8 C.F.R. § 244.2 (1995) (emphasis added). In other words, once a motion to reopen has already been granted, then the Immigration Judge has the authority to reinstate voluntary departure, but until that time "the authority to reinstate or extend the time within which to depart voluntarily ... is within the sole discretion of the district director...." 8 C.F.R. § 244.2 (1995). Because the District Director denied petitioner's request for an extension or reinstatement, the government argues, the

---

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (the "IIRIRA") significantly changed the Immigration and Naturalization Act. However, § 309(c)(1) of the IIRIRA states that "in the case of an alien who is in exclusion or deportation proceedings before the title III—A effective date [April 1, 1997]—(A) the amendments made by this subtitle shall not apply, and (B) the proceedings (including judicial review thereof) shall continue to be conducted without regard to such amendments." Because he was in deportation proceedings before April 1, 1997, the rules applicable to petitioner are those that were in effect prior to the passage of the IIRIRA on September 30, 1996.

Immigration Judge was correct to deny petitioner's motion to reopen. According to the government, the discretion that the petitioner claims the Immigration Judge failed to exercise did not yet exist.

Section 106(a) of the Immigration and Nationality Act, 8 U.S.C. § 1105a, provides in relevant part:

> The procedure prescribed by, and all the provisions of chapter 158 of Title 28 shall apply to, and shall be the sole and exclusive procedure for, the judicial review of all final orders of deportation heretofore or hereafter made against aliens within the United States pursuant to administrative proceedings under section 1252(b) of this title or pursuant to section 1252a of this title or comparable provisions of any prior Act....

8 U.S.C. § 1105a(a). Chapter 158 of Title 28 sets out the procedure for the review of orders of federal agencies. Chapter 158, specifically 28 U.S.C. § 2342, confers exclusive jurisdiction to review these orders upon the court of appeals. Thus, the issue before the court is whether petitioner, by presenting the instant dispute, is seeking "judicial review of [a] final order[ ] of deportation" under § 1105a(a). If so, then the Court of Appeals for the Seventh Circuit has jurisdiction over the matter, and this court does not. *See Kulle v. Springer,* 566 F.Supp. 279 (N.D.Ill.1983) (mandamus jurisdiction under 28 U.S.C. § 1361 is "limited in deportation actions by [§ 1105a(a)] which confers exclusive jurisdiction upon the Court of Appeals to review final orders of deportation made against aliens pursuant to [8 U.S.C. § 1252(b)]").

The Supreme Court has addressed the meaning of the term "final orders of deportation" on several occasions. In *Foti v. Immigration and Naturalization Service,* 375 U.S. 217, 229, 84 S.Ct. 306, 314, 11 L.Ed.2d 281 (1963), the Court held that "all determinations made during and incident to the administrative proceeding conducted by [the Immigration Judge], and reviewable together by the Board of Immigration Appeals, such as orders denying voluntary departure ... and orders denying the withholding of deportation ... are ... included within the ambit of the exclusive jurisdiction of the Court of Appeals" under § 1105a(a). In *Giova v. Rosenberg,* 379 U.S. 18, 85 S.Ct. 156, 13 L.Ed.2d 90 (1964), the petitioner appealed to the Court of Appeals for the Ninth Circuit from the denial of his motion to reopen his deportation proceedings. The Board of Immigration Appeals had previously dismissed the petitioner's appeal from the order of deportation entered against him. The Court of Appeals held that it had no jurisdiction under § 1105a(a) to hear the petitioner's appeal. The Supreme Court summarily reversed the judgment of the Ninth Circuit and remanded the case with directions to entertain the petition for review of the denial of the motion to reopen. In *Cheng Fan Kwok v. Immigration and Naturalization Service,* 392 U.S. 206, 216, 88 S.Ct. 1970, 1976, 20 L.Ed.2d 1037 (1968), the Supreme Court reiterated that § 1105a(a) embraces "those determinations made during a proceeding conducted under [8 U.S.C. § 1252(b)], including those determinations made incident to a motion to reopen such proceedings." In accordance with these Supreme Court opinions, the Court of Appeals for the Seventh Circuit has held that its jurisdiction to review final orders of deportation under § 1105a(a) extends to motions to reopen. *See, e.g., Johnson v. Immigration and Naturalization Service,* 962 F.2d 574, 576 (7th Cir.1992).

In the instant case, the Immigration Judge denied petitioner's motion to reopen on the ground that petitioner was ineligible for relief. As explained above, petitioner claims that the Immigration Judge denied his motion to reopen because the Immigration Judge did not think that he had the authority under § 244.2 to reinstate petitioner's voluntary departure. Petitioner's characterization of what the Immigration Judge "thought" is apparently accurate since petitioner brought § 244.2 to the Immigration Judge's attention and the Immigration Judge did not deny petitioner's request for reinstatement, but merely noted that petitioner had not obtained an extension or reinstatement from the District Director. As explained above, petitioner goes on to characterize the Immigration Judge's behavior as a failure to exercise his discretion. Thus, petitioner argues

that § 1105a(a) does not apply to the present dispute because the "failure to make a decision is not a decision made during and incident to deportation proceedings ... and so is not a final order of deportation...."

The court finds petitioner's reasoning unpersuasive. The Immigration Judge did not fail to make a decision; he simply rejected petitioner's proposed interpretation of § 244.2, and interpreted § 244.2 to mean that until a deportation proceeding is reopened, the authority to reinstate or extend the time within which to depart voluntarily is within the sole discretion of the District Director. This court could not find that the Immigration Judge failed or refused to make a decision or to exercise his discretion with respect to petitioner's request for reinstatement of voluntary departure without first accepting petitioner's interpretation of § 244.2 and rejecting the Immigration Judge's interpretation. In order to evaluate the respective interpretations of § 244.2, the court would be required to reach the merits of the case before jurisdiction is established.

The court finds that the Immigration Judge's interpretation of § 244.2 was a determination made incident to petitioner's motion to reopen. As discussed above, jurisdiction to review such a determination is vested exclusively with the court of appeals. Accordingly, the mandamus petition is dismissed for lack of subject matter jurisdiction.