Carlos **MARCELLO, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 81–4528.

United States Court of Appeals, Fifth Circuit.

Jan. 6, 1983.

Mark A. Mancini, Washington, D.C., for petitioner.

Richard Evans, Lauri Steven Filppu, Gen. Litigation and Legal Advice Sect., Crim. Div., Washington, D.C., for respondent.

Before WISDOM, REAVLEY and TATE, Circuit Judges.

PER CURIAM:

In this petition for judicial review of an order of the Board of Immigration Appeals, the petitioner Marcello presents a narrow issue: did the Board abuse its discretion in denying his motion to reopen his deportation proceedings to permit him to apply for discretionary relief under section 212(c) of the Immigration and Nationality Act of 1953, 8 U.S.C. § 1182(c)? Finding no abuse of discretion under the present circumstances, we affirm.

Marcello, an alien born in Tunis in 1910 and brought to the United States at the age of eight months, was first ordered deported in 1953, on the basis of a 1938 marijuana conviction. His subsequent efforts to avoid deportation, as well as the equities for and against it, are fully described in his most recent appearance before this court. *United States ex rel. Marcello v. District Director of Immigration & Naturalization Service, New Orleans,* 634 F.2d 964 (5th Cir.1981). There, we upheld an order of the Board refusing Marcello a suspension of deportation under section 244(a)(2) of the Act, 8 U.S.C. § 1254(a)(2).

The refusal of the Board was based (a) upon its factual determination that Marcello did not possess the statutorily required good moral character, based on a criminal record covering a span of 38 years following the 1930 conviction, (*see* 634 F.2d at 979), and (b) on the independent ground that, even if statutory eligibility had been established, the Board would refuse to exercise its statutory discretion to suspend deportation, despite the hardship upon the petitioner and his family, because of "the respondent's longstanding criminal record, his imprisonment, and his gambling activities, combined with his lack of character reformation", 634 F.2d at 979. We found that substantial evidence supported the first determination and that no abuse of discretion was reflected by the latter denial.

The relief there sought and denied was under section 244(a)(2), 8 U.S.C. § 1254(a)(2), a statutory provision permitting suspension of deportation, in the discretion of the agency, when certain statutory conditions are met.

While the suspension proceedings were still pending, in 1979 Marcello filed the present motion to reopen the deportation proceedings. The present appeal is from a denial of that motion. Thus, before us now is the petitioner Marcello's attempt to secure relief from deportation under an entirely independent provision of the Act, section 212(c). By this statute, the Board, in its discretion, may waive immigration requirements for aliens who have previously been admitted for permanent residency and who have established a lawful unrelinquished domicile of seven consecutive years in the United States.

In denying the motion to reopen the deportation proceedings for the petitioner to be able to apply for relief under this latter (waiver) section 212(c) provision, the Board largely relied upon its previous reasons for denying *suspension* under section 244(a)(2). It found that Marcello had not alleged any significant changes of circumstances in the present motion that should permit him to apply for another form of relief that, similarly, was solely available upon a showing

that a petitioner can establish that he warrants relief in the exercise of discretion. Finding that Marcello's motion to reopen did not make an adequate showing of likely success on the merits of this claim for discretionary section 212(c) (waiver) relief, the Board in the exercises of its discretion denied Marcello's motion to reopen to consider an application for relief under section 212(c).

By Marcello's petition for review, he does not question the standard utilized by the Board in determining whether to grant or deny a motion to reopen deportation orders to obtain discretionary relief under section 212(c):

■ A motion to reopen, entitling the applicant to present new evidence (and involving further delay in the enforcement of a deportation order), is not available upon a bare showing of statutory eligibility. Rather, to be entitled to a reopening and further hearing, the alien must first make a prima facie showing that there is a reasonable likelihood that the relief sought would be granted at the reopened hearing. The prima facie showing includes not only that there is a reasonable likelihood that the statutory requirements for the relief sought are satisfied, but also a reasonable likelihood that a grant of relief may be warranted as a matter of discretion. *See Matter of Rodriquez,* Interim Decision No. 2727 (BIA 1979).

In arguing that the Board erred in denying his motion to reopen and an opportunity even to present a showing that he was entitled to discretionary (waiver) relief under section 212(c), Marcello makes three contentions. These and our reasons for rejecting them are:

*(1)*

■ Marcello first contends that the Board erred in identifying waiver relief under section 212(c) with the suspension relief section 244(a)(2), since the former's provision permits the Board a broader exercise of discretion in relieving an alien of the enforcement of deportation consequences. We do not read the Board's decision as so doing. Rather, in determining whether

there was a reasonable likelihood that discretionary relief under section 212(c) (waiver) would be exercised, the Board pointed out the strong and emphatically emphasized reasons that the Board had refused to exercise its similar discretion to afford section 244(a)(2) (suspension) relief. We see no error of law or discretion in the Board's so doing.

*(2)*

Marcello next contends that the Board erred in finding no significant changes of circumstance following the 1976 suspension hearing and denial order. Without pointing out any significant factor, here Marcello rather argues that the Board should not have denied the motion to reopen under the strong equities presented by Marcello (lifelong residence since a child of eight months, wife, children, grandchildren, family all in the United States) but previously rejected by the Board as being outweighed by the strong reasons (criminal record, etc.) for the Board to exercise its discretion to permit suspension of deportation. Marcello points out that he has been in this country five years longer and is now 72 years of age, so that deportation would involve even more hardship now. Marcello also cites other decisions where allegedly the Board took such factors into account.

■ The Board found that the mere passage of five years time did not by itself warrant a reopening, and that reopening following an unsuccessful judicial attack will only be ordered where there was a significant change in a factor critical to disposition of the case. The Board pointed out that, under the showing made by Marcello in his petition to reopen, no meaningfully different factors were involved than those earlier considered by the Board in the 1976 suspension proceedings and upon which the discretionary denial of suspension was there based. The Board concluded that, in the absence of significant changes in circumstance (other than the passage of time), Marcello had not borne his burden of establishing the prima facie case requisite

for reopening the deportation proceedings, since in the Board's view Marcello had not established that there was a reasonable likelihood that the Board would exercise its discretion to afford section 212(c) (waiver) relief. Again, we find no error or abuse in this reasoning.

### (3)

Marcello finally contends that the Board erred in adverting to an indictment for criminal conspiracy filed against the petitioner in 1980. Admitting that an indictment was merely an accusation, the Board found this to be an additional reason, where Marcello had earlier been denied discretionary relief because of his past criminal conduct, for denying the motion to reopen "in view of the *further* doubts raised regarding the present likelihood of success on the merits." Whatever doubts we might have had that an indictment (accusation) by itself is a ground to deny an alien's motion to reopen to obtain discretionary relief under section 212(c), the present is not an instance where an alien who has otherwise made a prima facie showing is denied a motion to reopen solely because of an indictment. Further, to some extent the contention of impropriety in the Board's considering an indictment (accusation) is mooted by the admitted subsequent circumstance that since the Board's hearing Marcello was convicted of the crime charged by that indictment as well as of another offense.

*Conclusion*

 The Board denied the petitioner's motion to reopen the deportation proceedings because, in accord with Board precedent, it found that such a motion may be denied unless the petitioner establishes that there is a reasonable likelihood that the relief sought by the reopened hearing will be granted. The Board found no such reasonable likelihood, based primarily on its earlier rejection after full consideration of identical reasons as justifying the exercise of its discretion to suspend the deportation. Under accepted standards, on judicial review we cannot disturb the exercise of administrative discretion to deny relief unless

the denial was arbitrary or capricious, not in accord with law, or in violation of procedural due process. *Paul v. United States Immigration and Naturalization Service,* 521 F.2d 194, 197 (5th Cir.1975). We are unable to say that the petitioner Marcello has met this burden that would permit this court to overturn the discretionary administrative decision to deny his motion to reopen his deportation proceedings.

Accordingly, we DENY the petition for review.

PETITION FOR REVIEW DENIED.