993 F.2d 1537
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mario A. MALDONADO, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 90-1739.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 9, 1992
May 17, 1993
 
 On Petition for Review of an Order of the Immigration and Naturalization Service. (A27-192-141)
 Luis F. Salgado, Washington, D.C., for Petitioner.
 Stuart M. Gerson, Assistant Attorney General, David J. Kline, Carl H. McIntyre, Jr., United States Department of Justice, Washington, D.C., for Respondent.
 I.N.S.
 AFFIRMED.
 OPINION
 Before WILKINS and HAMILTON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 After a hearing held in absentia, the immigration judge ordered Mario Alonso Maldonado De Leon, a citizen of Guatemala, deported for entering the United States without inspection in violation of 8 U.S.C. § 1251(a)(2) (1988). Maldonado appealed to the Board of Immigration Appeals ("BIA"), claiming that the record did not contain adequate proof that he was notified of the hearing. The BIA summarily dismissed his appeal as frivolous pursuant to 8 C.F.R. § 3.1(d)(1-a)(iv) (1992). Maldonado now petitions for review of the BIA decision in this Court. Based on the evidence in the record, we affirm.
 
 
 2
 Summary dismissals by the BIA are reviewed by this Court for abuse of discretion. Borokinni v. INS, 974 F.2d 442 (4th Cir. 1992). Under § 1252(b), a hearing may be held in absentia if the "alien has been given a reasonable opportunity to be present at a proceeding" and fails or refuses to attend "without reasonable cause." See also INS v. Lopez-Mendoza, 468 U.S. 1032 (1984) (respondent must be given reasonable opportunity to be present at the hearing, but if respondent does not avail himself of the opportunity, the hearing can proceed in his absence).
 
 
 3
 The INS submitted a copy of the personal notice served on Maldonado informing him where the hearing was to be held, and when. Moreover, the hearing was scheduled more than two months from the date of the notice thus giving him ample time to make arrangements to attend. Therefore, Maldonado had a reasonable opportunity to attend. As cause for his failure to attend, Maldonado asserts that he never signed the notice, and that it was defective. Neither of these claims have merit. The notice was signed and dated by an INS officer, who was authorized to serve personal notice under the regulations in force at the time. See 8 C.F.R. § 242.1 (1985). Additionally, it contained the proper venue and location of the hearing.*
 
 
 4
 Therefore, we find that the BIA did not abuse its discretion in denying Maldonado's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Maldonado also seeks review of the sufficiency of the evidence relied on to deport him. However, he did not raise the sufficiency of the evidence claim before the BIA, the INS did not address the issue in their brief before the BIA, and the BIA did not address the issue in its opinion dismissing the appeal. Thus, this issue has not been administratively exhausted and is not properly before us for review. See 8 U.S.C. § 1105a(c) (1988); Tarvand v. INS, 937 F.2d 973, 977 (4th Cir. 1991) (failure to exhaust administrative remedies precludes judicial review)