60 F.3d 820
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Juliet Leonie BOOTHE, a/k/a Juliet Boothe Fox, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 94-1420.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 18, 1995.
Decided July 13, 1995.
 
 Luis A. Gonzalez, Luis F. Salgado, Law Offices of Luis F. Salgado, Washington, DC, for petitioner. Frank W. Hunger, Asst. Atty. Gen., William C. Erb, Donald E. Keener, Civil Div., United States Department of Justice, Washington, DC, for respondent.
 Before WILKINSON, LUTTIG, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Juliet Leone Boothe[1] ("Boothe") petitions for review of an order of the Board of Immigration Appeals ("the Board") denying her motion to reopen her deportation proceedings to allow her to apply for adjustment of status based on her marriage to a United States citizen. For the reasons set forth below, we deny the petition.
 
 
 2
 Boothe, a native and citizen of Jamaica, last entered the United States on August 21, 1980, at Miami, Florida, as a non-immigrant visitor authorized to stay for six months. From July 1984 until July 1985, Boothe worked illegally as a customer service representative for a bank in Hyattsville, Maryland. In January 1985, the Immigration and Naturalization Service ("INS") initiated deportation proceedings against Boothe because she remained in the United States longer than permitted and because she engaged in unauthorized employment.
 
 
 3
 In February 1985, Boothe was convicted for embezzlement. She was sentenced to two years imprisonment, suspended on the condition that she perform two-hundred hours of community service and pay $4500 in restitution. At Boothe's April 1985 deportation hearing, the Immigration Judge found that Boothe was deportable as charged and that she was ineligible for voluntary departure because of the embezzlement conviction. In January 1987 the INS sent Boothe a deportation notice by certified mail. An agent for Boothe signed for the letter, but Boothe failed to report for deportation. In April 1987, the INS sent Boothe's deportation notice to her attorney by certified mail. This notice was returned as "refused" and Boothe did not report for deportation.
 
 
 4
 In January 1987, Boothe married a United States citizen. She and her husband had a child in November 1987. Boothe, her husband, and their child reside with her husband's three children, Boothe's stepchildren.
 
 
 5
 In August 1992, Boothe filed a motion with the Board to reopen her deportation hearing. The Board denied the motion, reasoning that because Boothe had failed to obey a lawful deportation order, the Board would not exercise discretion in Boothe's favor. Boothe never claimed that she did not receive the deportation notices, and her prior attorney was aware of the last notice. The Board considered Boothe's equities, including her United States husband and child, her stepchildren, her thirteen-year residence in the United States, and the completion of her criminal sentence. In balancing these equities, however, the Board noted that Boothe acquired most of these equities after the deportation order.
 
 
 6
 We review for an abuse of discretion the Board's denial of Boothe's motion to reopen. INS v. Doherty, 502 U.S. 314, 323 (1992); Borokinni v. INS, 974 F.2d 442, 444 (4th Cir.1992). We will affirm the Board's denial of a motion to reopen unless the denial (1) was without rational explanation, (2) departed from established policies without explanation, or (3) rested on impermissible grounds such as race discrimination. M.A. v. INS, 899 F.2d 304, 310 (4th Cir.1990) (en banc).
 
 
 7
 The Board denied Boothe's motion to reopen because she ignored her deportation notices. This was a rational explanation for its denial. Following established policies in making its decision, the Board balanced the equities of Boothe's situation and considered the possible hardships on Boothe and her family. See Mattis v. INS, 774 F.2d 965, 968 (9th Cir.1985) (reasoning that Board must weigh equities). Finally, there was no evidence in the record, nor did Boothe contend, that the Board based its decision on an impermissible basis such as race. Accordingly, we deny Boothe's petition for review.[2]
 
 AFFIRMED
 
 
 [1]
 Boothe is called "Julie" in some pleadings and "Juliet" in others
 
 
 [2]
 The administrative record in this case was missing one page. Boothe claims that because of the missing page, she was denied due process. The missing page, however, dealt with initial procedural matters and had no bearing on the issues raised on appeal. Therefore, the administrative record was adequate for appellate review. Ortiz-Salas v. INS, 992 F.2d 105, 106 (7th Cir.1993); Osaghae v. INS, 942 F.2d 1160, 1162 (7th Cir.1991)