67 F.3d 294
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
George Anthony FALCONER, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 95-1135.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 22, 1995.
Decided Sept. 13, 1995.
 
 George Anthony Falconer, Petitioner pro se. Richard Michael Evans, Anthony Wray Norwood, United States Department of Justice, Washington, DC, for Respondent.
 Before WILLIAMS and MICHAEL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 After a hearing, the immigration judge ordered George Anthony Falconer, a citizen of Jamaica, deported for being an aggravated felon convicted of distribution of cocaine in the Circuit Court for Frederick County, Maryland. Falconer appealed to the Board of Immigration Appeals ("BIA"), claiming that his suspended sentence in Maryland should have been considered comparable to an expunged sentence under the Federal First Offender Act ("FFOA"), 18 U.S.C. Sec. 3607 (1988). Falconer also alleged that he was entitled to a waiver under 8 U.S.C.A. Sec. 1255(a) (West Supp.1995) due to hardship to his family. The BIA summarily dismissed his appeal. Falconer now petitions for review of the BIA decision in this court. Based on the evidence in the record, we affirm.
 
 
 2
 Summary dismissals by the BIA are reviewed by this court for abuse of discretion. Borokinni v. INS, 974 F.2d 442, 445 (4th Cir.1992). The Attorney General will not deport an alien under 8 U.S.C.A. Sec. 1251(a)(2)(A)(iii) (West Supp.1995) if the alien's conviction has been expunged under the FFOA or a state-law counterpart to that Act. See Garberding v. INS, 30 F.3d 1187, 1189 (9th Cir.1994). Falconer first contends that his suspended sentence should be considered an expunged sentence under the FFOA.
 
 
 3
 Falconer's claim is meritless. First, he cannot point to a comparable Maryland statute providing for automatic expungement for first-time offenders.* Additionally, the FFOA only provides for conviction expungement for simple possession of a controlled substance. See 18 U.S.C. Sec. 3607(a). Falconer was convicted of distribution of a controlled substance, a more serious offense which is not covered by the FFOA. Id. at 1190. Therefore, Falconer's suspended sentence can not exempt him from deportation.
 
 
 4
 Additionally, Falconer asserts that he should have been given an opportunity to reapply for adjustment of status under Sec. 1255(a). However, an adjustment applicant must be "admissible" to the United States. Falconer's drug conviction renders him inadmissible pursuant to 8 U.S.C.A. Sec. 1182(a)(2)(A)(i)(II) (West Supp.1995). The waiver of this provision contained in 8 U.S.C.A. Sec. 1182(h) (West Supp.1995) applies only to those convicted of a drug offense which constitutes "a single offense of simple possession of 30 grams or less of marijuana." Because he was convicted of distribution, Falconer is statutorily ineligible for any of the discretionary relief he seeks.
 
 
 5
 Therefore, we find that the BIA did not abuse its discretion in denying Falconer's appeal, and we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The Maryland first offender statute was repealed in 1991. See Md. Ann Code art. 27, Sec. 292 (1988) repealed by Drug Enforcement Act of 1990, ch. 410, 1990 Md. Laws 1666, 1670 (effective January 1, 1991)