**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NIGEL JUDSON MACCADO,
Petitioner,

v.

No. 95-2590

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Immigration and Naturalization Service.
(A21-098-333)

Argued: June 6, 1996

Decided: August 26, 1996

Before RUSSELL, WIDENER, and HALL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Stuart Jay Snyder, Baltimore, Maryland, for Petitioner.
Jennifer Helene Zawid, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent. **ON BRIEF:** Frank W. Hunger, Assistant
Attorney General, Joan E. Smiley, Senior Litigation Counsel, Office
of Immigration Litigation, Civil Division, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Nigel J. Maccado petitions for review of the decision of the Board of Immigration Appeals denying his motion to reopen his deportation proceedings. We affirm.

I.

Maccado was convicted in 1987 of passing counterfeit currency, and he admits that, as a result, he is deportable. [1] Maccado nonetheless alleges that he has been rehabilitated, and, consequently, that the Attorney General or her designee should intervene to prevent his repatriation to India.[2]

_____

[1] See 8 U.S.C.A. § 1251(a)(2)(A)(i) (West Supp. 1996) (providing for the deportability of any alien who, within ten years of attaining lawful permanent resident status, is convicted of a crime involving moral turpitude and subsequently sentenced to confinement for one year or longer).

[2] See 8 U.S.C.A. § 1182(c) (West Supp. 1996), which accords the Attorney General the discretion to waive deportability in certain cases. As one court of appeals has held, however:

> Waivers of deportability are not profligately to be granted. In deciding whether to exercise its discretionary authority, the Board must balance the social and humane factors supporting the application against adverse factors favoring deportation. When the ground for deportability is the alien's commission of a serious crime, a high hurdle blocks the path to section 212(c) relief. In such circumstances it is incumbent upon a petitioner not only to demonstrate that favorable factors preponderate but also to present unusual or outstanding equities in order to justify a waiver.

Chen v. INS, 87 F.3d 5, 8 (1st Cir. 1996) (citations and internal quotation marks omitted).

2

Maccado contends that the Immigration Judge incorrectly found the balance of the equities to weigh against a discretionary waiver. Maccado, who had been represented by counsel at the deportation hearing, hired a different lawyer to appeal the IJ's ruling to the Board, but the appeal was eventually dismissed because that lawyer failed to file a brief identifying the reasons for the appeal. Maccado then retained yet another lawyer to move to reopen the proceedings on the ground that his second lawyer had rendered ineffective assistance. The denial of that motion on procedural grounds is the subject of the petition for review in this court, before which Maccado appears with his fourth lawyer.

II.

Neither the correctness of the Immigration Judge's decision nor the performance of Maccado's second and/or third lawyer in attempting to appeal that decision are particularly pertinent to our review. Instead, the issue before us is merely whether the Board abused its discretion by denying Maccado's motion to reopen. Borokinni v. INS, 974 F.2d 442, 444 (4th Cir. 1992).

As Maccado readily concedes, the motion did not fully comport with the Board's procedural requirements.[3] Moreover, to the extent that the Board might nonetheless be compelled to grant a non-conforming motion on the ground that the movant would otherwise be denied due process of law, we discern no constitutional violation in Maccado's case.

_____

[3] See Matter of Lozada, 19 I & N 637 (BIA 1988), aff'd Lozada v. INS, 857 F.2d 10 (1st Cir. 1988). A motion to reopen alleging ineffective assistance must be supported by the movant's affidavit (1) setting forth the agreement with counsel respecting the actions to be taken, and any representations made by counsel in that regard; (2) averring that counsel has been informed of the allegations of ineffectiveness, and has been notified that he or she may respond; and (3) advising whether a complaint has been filed with the appropriate disciplinary authorities. If no complaint has been filed, the affidavit must also contain an explanation of the movant's failure to do so. Maccado's motion failed to comply with at least the first two requirements.

Deportation proceedings are "purely civil" in nature; thus, constitutional guarantees that apply only to criminal proceedings, such as the Sixth Amendment right to counsel, do not attach. See INS v. Lopez-Mendoza, 468 U.S. 1032, 1038 (1984). Consequently, Maccado must demonstrate that counsel's performance was so deficient as to have violated his Fifth Amendment right to due process. Figeroa v. INS, 886 F.2d 76, 78-79 (4th Cir. 1989); Lozada, 857 F.2d at 13. Counsel's ineffectiveness may amount to a denial of due process only "if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." Ramirez-Durazo v. INS, 794 F.2d 491, 499-500 (9th Cir. 1986) (citation and internal quotation marks omitted).

Maccado must, at the very least, show that he has been prejudiced as a result of counsels' alleged ineffectiveness. Figeroa, 886 F.2d at 78. Maccado has shown no prejudice, as the Board itself has pointed out:

> The respondent has failed to establish that he was prejudiced by the failure of his second counsel to submit a brief. The respondent in his motion has failed to point out any alleged error that the Immigration Judge made in the disposition of his case. The mere fact that his second counsel did not file a brief in support of the appeal does not establish ineffective assistance of counsel.

Administrative Record at 5 (citation omitted).

Maccado was permitted to present his entire case before the Immigration Judge, who, quite simply, was unpersuaded. In light of the abundant evidence weighing against Maccado's assertion that he had been rehabilitated and the deferential standard of review, he cannot demonstrate a substantial probability that the Immigration Judge's decision would have been reversed had the Board fully considered the merits of his appeal. We hold that the Board did not abuse its discretion by denying Maccado's motion to reopen his deportation proceedings.

The Board's decision is affirmed.

AFFIRMED

4