**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SAMBA SENE,
Petitioner,

v.

No. 95-3104

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A72-382-654)

Submitted: October 29, 1996

Decided: November 19, 1996

Before WIDENER, HALL, and MURNAGHAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Randall L. Johnson, Arlington, Virginia, for Petitioner. Frank W.
Hunger, Assistant Attorney General, David V. Bernal, Senior Litiga-
tion Counsel, Stephen W. Funk, Office of Immigration Litigation,
UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Samba Niasse Sene petitions for review of the decision of the Board of Immigration Appeals ("Board") denying his motion to reopen his deportation proceedings. We affirm.

Because Sene, a native and citizen of Senegal, overstayed his visa, the Immigration and Naturalization Service ("INS") commenced deportation proceedings. Sene conceded that he was deportable but sought asylum in this country and a withholding of deportation. After conducting a hearing on the merits of his claim, an immigration judge ("IJ") denied Sene's application for asylum and withholding of deportation. Sene then filed a notice of appeal with the Board in which his counsel indicated that a brief would be filed in support of the appeal. No brief was ever filed.

The Board summarily dismissed the appeal, under 8 C.F.R. § 3.1(d)(1-a)(i)(A) (1996), noting that Sene's notice of appeal "offered only a generalized statement of the reason for his appeal" and therefore it was "insufficient to apprise the Board of which aspects of the immigration judge's decision he considered incorrect and for what reason." The dismissal also indicated that although Sene's notice of appeal indicated a brief would be filed, "no brief or statement was ever filed" and that "[t]he record reflects that counsel advised the respondent [Sene] of the requirement and deadline for submitting a brief." Sene then hired new counsel who filed a motion to reopen the deportation decision on the grounds that the failure to file a brief was the result of "gross miscommunication" between Sene and his former attorney and that prior counsel's errors "seriously impinged" Sene's right to due process of law. The Board denied the motion to reopen the deportation proceedings on the ground that Sene failed to comply with the procedure required when alleging ineffective assistance of counsel in a motion to reopen. The denial of that motion on procedural grounds is the subject of the petition for review in this court.

2

Neither the correctness of the IJ's decision nor the performance of Sene's first attorney in attempting to appeal that decision is particularly pertinent to our review. Instead, the issue before us is merely whether the Board abused its discretion by denying Sene's motion to reopen. Borokinni v. INS, 974 F.2d 442, 444 (4th Cir.1992). The record is clear that Sene's motion to reopen did not fully comport with the Board's procedural requirements.* Moreover, to the extent that the Board might nonetheless be compelled to grant a nonconforming motion on the ground that the movant would otherwise be denied due process of law, we discern no constitutional violation in Sene's case.

Deportation proceedings are "purely civil" in nature; thus, constitutional guarantees that apply only to criminal proceedings, such as the Sixth Amendment right to counsel, do not attach. See INS v. Lopez-Mendoza, 468 U.S. 1032, 1038 (1984). Consequently, Sene must demonstrate that counsel's performance was so deficient as to have violated his Fifth Amendment right to due process. Figeroa v. INS, 886 F.2d 76, 78-79 (4th Cir. 1989); Lozada v. INS, 857 F.2d 10, 13 (1st Cir. 1988). Counsel's ineffectiveness may amount to a denial of due process only "if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." Ramirez-Durazo v. INS, 794 F.2d 491, 499-500 (9th Cir.1986) (citation and internal quotation marks omitted). Sene must, at the very least, show that he has been prejudiced as a result of counsel's alleged ineffectiveness. Figeroa, 886 F.2d at 78. Sene has shown no prejudice, as the Board itself has pointed out:

_____

*See Matter of Lozada, 19 I & N Dec. 637, 639 (BIA 1988), aff 'd, Lozada v. INS, 857 F.2d 10 (1st Cir.1988). A motion to reopen alleging ineffective assistance must be supported by the movant's affidavit: (1) setting forth the agreement with counsel respecting the actions to be taken and any representations made by counsel in that regard; (2) averring that counsel has been informed of the allegations of ineffectiveness, and has been notified that he or she may respond; and (3) advising whether a complaint has been filed with the appropriate disciplinary authorities. If no complaint has been filed, the affidavit must also contain an explanation of the movant's failure to do so. Sene's motion failed to comply with at least the last two requirements.

3

> The respondent has offered only generalized statements of the reason for his appeal. Such statements are insufficient to apprise the Board of which aspects of the immigration judge's decision he considered incorrect and for what reason. The regulations provide for summary dismissal of an appeal where the parties concerned fail to specify the reasons for the appeal.

Administrative Record at 20 (citation omitted).

Sene was permitted to present his entire case before the IJ, who, quite simply, was unpersuaded. In light of the fact that Sene offers no specific errors in the IJ's decision and that his grounds for appeal do little more than disagree with the IJ's ultimate decision, he cannot demonstrate a substantial probability that the IJ's decision would have been reversed had the Board fully considered the merits of his appeal. We hold that the Board did not abuse its discretion by denying Sene's motion to reopen his deportation proceedings. The Board's decision is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4