**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NERI HERNESTINA SANCHEZ-CECENA,
Petitioner,

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

No. 97-2602

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A70-846-103)

Submitted: May 29, 1998

Decided: August 25, 1998

Before NIEMEYER and MICHAEL, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Ronald D. Richey, Rockville, Maryland, for Petitioner. Frank W.
Hunger, Assistant Attorney General, William J. Howard, Senior Liti-
gation Counsel, Micheline Hershey, Office of Immigration Litigation,
UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Neri Hernestina Sanchez-Cecena is a native and citizen of El Salvador, who entered the United States in 1992 without inspection by an immigration officer. In 1995, the Immigration and Naturalization Service ("INS") charged her with deportability. After a hearing at which she was represented by counsel, Sanchez-Cecena was found deportable as charged. Sanchez-Cecena filed an application for asylum and withholding of deportation or in the alternative for voluntary departure. She alleged that she had been enrolled in military school in El Salvador and because she had supported the military, she feared retaliation from her uncle, a leader of a guerilla group.

The immigration judge ("IJ") held a hearing and determined that Sanchez-Cecena had not met her burden of establishing either past persecution or a well-founded fear of future persecution. Although the IJ found that Sanchez-Cecena maintained a subjective fear of persecution, there was no objective evidence which established that she was entitled to asylum. Accordingly, the IJ ordered voluntary departure. The IJ also advised Sanchez-Cecena that she could appeal the decision, and stated that her attorney would be given the opportunity to file a legal brief and to argue why the IJ's decision may have been erroneous.

Sanchez-Cecena filed a pro se appeal to the Board of Immigration Appeals ("BIA"). The BIA summarily dismissed the appeal under 8 C.F.R. § 3.1(d)(1-a)(i)(A) (1996), because Sanchez-Cecena failed to meaningfully identify the basis for her appeal. Sanchez-Cecena timely filed a notice of appeal from the BIA's order.

Summary dismissals by the BIA are reviewed for an abuse of discretion. See Borokinni v. INS, 974 F.2d 442, 445 (4th Cir. 1992). This court will uphold a dismissal unless the BIA's decision was arbitrary

2

or capricious. See Gottesman v. INS, 33 F.3d 383, 389 (4th Cir. 1994). Further, the BIA's interpretation of its own regulations is entitled to deference. DeOsorio v. INS, 10 F.3d 1034, 1038 (4th Cir. 1993).

Pursuant to 8 C.F.R. § 3.1(d)(1-a)(i), "[t]he Board may summarily dismiss any appeal . . . in which (A) The party concerned fails to specify the reasons for the appeal on Form EOIR-26 or Form EOIR-29 (Notices of Appeal) or other document filed therewith." See Toquero v. INS, 956 F.2d 193, 196 (9th Cir. 1992) (affirming dismissal where notice of appeal "did not indicate which facts were in contention and how the IJ misinterpreted the evidence"); Lozada v. INS, 857 F.2d 10, 13 (1st Cir. 1988) (finding that summary dismissal is proper where "Board was left guessing at how and why petitioner thought the court had erred"); Townsend v. INS, 799 F.2d 179, 181-82 (5th Cir. 1986) (affirming Board's summary dismissal where notice of appeal merely claimed that alien "sufficiently established his `well founded fear of persecution' according to present case law").

Sanchez-Cecena's notice of appeal stated:

> Immigration Court denied Application for Asylum/ Withholding of Deport. because Court did not find I qualified under definition of member of particular social group or because of political opinion, as basis for the well-founded fear of persecution that I have. Court stated that my persecution in this case was more for personal reasons than on account of being a member of a particular social group or because of my political opinion. I disagree with the decision of the Immigration Judge and I believe my testimony and my Application for Asylum/Withholding of Deportation substantiate my claim and my eligibility for the relief I am seeking. Humanitarian reasons as well.

Sanchez-Cecena's notice of appeal merely restates the IJ's findings and indicates that Sanchez-Cecena disagrees with them. Without specifying what law or regulation was misapplied, or which facts were not considered and how they would have affected the IJ's decision, the notice of appeal was deficient under 8 C.F.R. § 3.1(d)(1-a)(i)(A). Further, although Sanchez-Cecena was given an opportunity to file a brief in support of her appeal, she declined to do so.

3

Therefore, we find that the Board's dismissal was proper. <u>See</u> <u>Toquero</u>, 956 F.2d at 196-97.

Sanchez-Cecena also alleges that her due process rights were violated when the BIA allegedly failed to review the record and summarily dismissed her appeal. To establish a due process violation, Sanchez-Cecena must establish that the alleged error is more than just an abuse of administrative or judicial discretion. The error must rise to the level of a constitutional defect. <u>See Ganderillas-Zambrana v. Board of Immigration Appeals</u>, 44 F.3d 1251, 1255 (4th Cir. 1995); <u>Farrokhi v. INS</u>, 900 F.2d 697, 700-01 (4th Cir. 1990). In addition, Sanchez-Cecena must establish that she was prejudiced by the alleged due process violation. <u>See Figeroa v. INS</u>, 886 F.2d 76, 78-81 (4th Cir. 1989). Even if there was a due process violation, we find that Sanchez-Cecena failed to establish that she was prejudiced by the alleged error because she failed to prove that if the BIA had reached the merits of her appeal, the BIA would have reversed the IJ's decision. In fact, she has presented the court with no specific evidence on which she would have relied to refute the IJ's findings. Accordingly, we find that Sanchez-Cecena failed to establish that her due process rights were violated.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4