**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-2342**

BIFENG LIU,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted: June 9, 2011        Decided: July 19, 2011

Before MOTZ, GREGORY, and DAVIS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Stuart Altman, LAW OFFICE OF STUART ALTMAN, New York, New York, for Petitioner. Tony West, Assistant Attorney General, Ada E. Bosque, Senior Litigation Counsel, Lindsay Corliss, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bifeng Liu, a native and citizen of the People's Republic of China, petitions for review an order of the Board of Immigration Appeals ("Board") denying his motion to reopen. Finding no abuse of discretion, we affirm.

We review the denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.2(a) (2011); INS v. Doherty, 502 U.S. 314, 323-24 (1992); Mosere v. Mukasey, 552 F.3d 397, 400 (4th Cir. 2009). The Board's "denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Sadhvani v. Holder, 596 F.3d 180, 182 (4th Cir. 2009) (citations and internal quotation marks omitted). The motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1) (2011). It "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." Id.

This court has also recognized three independent grounds on which a motion to reopen removal proceedings may be denied: "(1) the alien has not established a prima facie case

2

for the underlying substantive relief sought; (2) the alien has not introduced previously unavailable, material evidence; and (3) where relief is discretionary, the alien would not be entitled to the discretionary grant of relief." Onyeme v. INS, 146 F.3d 227, 234 (4th Cir. 1998) (citing INS v. Abudu, 485 U.S. 94, 104-05 (1988)). This court will reverse a denial of a motion to reopen only if it is "arbitrary, irrational, or contrary to law." Mosere, 552 F.3d at 400 (internal quotation marks omitted).

In the context of a motion to reopen immigration proceedings, a prima facie showing "'includes not only that there is a reasonable likelihood that the statutory requirements for the relief sought are satisfied, but also a reasonable likelihood that a grant of relief may be warranted as a matter of discretion.'" M.A. v. INS, 899 F.2d 304, 310 (4th Cir. 1990) (quoting Marcello v. INS, 694 F.2d 1033, 1035 (5th Cir. 1983) (emphasis omitted)).

We conclude that the Board did not abuse its discretion finding that Liu failed to make a prima facie showing that he was eligible for asylum. The evidence Liu submitted fell short of showing that he had a well-founded fear of persecution by the Chinese government based on his political activities here in the United States.

3

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

4